UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH F. OLIVARES,

        Plaintiff,

                                     Civil Case No. 14-10097
v.                                 Honorable Patrick J. Duggan

TALLAHASSEE POLICE DEPARTMENT,
STATE ATTORNEY FOR THE 2ND
JUDICIAL DISTRICT, and 2ND COUNTY
COURT,

        Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

On January 9, 2014, Plaintiff Joseph F. Olivares initiated this action and

filed an application to proceed *in forma pauperis*. Plaintiff alleges five "counts" in

his Complaint that relate to the issuance of a warrant for his arrest by the State

Attorney's Office 2nd Judicial District in Florida and his subsequent misdemeanor

conviction in Florida state court.[1] At any time, a district court may *sua sponte*

_____

[1]Specifically, in his Complaint Plaintiff alleges: (1) "false affidavit" in which he asserts that the August 10, 1996 affidavit that led to the issuance of the arrest warrant was false; (2) "Void Judgment Florida Statute 95.11(1)" in which he asserts that a judgment entered April 10, 1995 was void and that he was not provided notice to appear; (3) "verified statement of fraud and fraud on the court" in which he claims that the Tallahassee (Florida) Police Department filed a

(continued...)

dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974) and *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).  For the reasons that follow, the Court finds Plaintiff's Complaint subject to dismissal under Rule 12(b)(1).

Plaintiff's lawsuit is barred by the *Rooker-Feldman* doctrine.  Pursuant to that doctrine, lower federal courts lack jurisdiction to review a case litigated and decided in state court.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16, 103 S. Ct. 1303, 1315 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923); *see also Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001).  This is true even in the face

---

[1](...continued)
criminal mischief charge on December 15, 1995 knowing it was false and that the Florida State Attorney's Office then filed an information in February 22, 1996 without a verified witness statement as required under the Florida Constitution; (4) violation of the Fifth Amendment to the U.S. and Florida constitutions in which Plaintiff claims due process violations related to the charges and proceedings; and (5) "humiliation, embarrassment, and mental anguish" suffered by Plaintiff as a result of his wrongful arrest in 1995.  (ECF No. 1.)

of allegations that "the state court's action was unconstitutional."[2] *Feldman*, 460

U.S. at 486, 103 S. Ct. at 1317; *see also Blanton v. United States*, 94 F.3d 227,

233-34 (6th Cir. 1996).  Review of final determinations in state judicial

proceedings can be obtained only in the United States Supreme Court.  28 U.S.C. §

1257; *Feldman*, 460 U.S. at 476, 103 S. Ct. at 1311.

Plaintiff's claims also are barred pursuant to the Supreme Court's holding in

*Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).  In *Heck*, the Court held

that a plaintiff cannot recover damages "for allegedly unconstitutional conviction

or imprisonment, or for other harm caused by actions whose unlawfulness would

render a conviction or sentence invalid," unless the plaintiff first shows "that the

conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas corpus ...."

*Id*. at 486-87,  114 S. Ct. at 2372. A claim for damages bearing that relationship to

a conviction or sentence that has not been so invalidated is not cognizable.

As indicated above, a fair reading of Plaintiff's Complaint reveals that he is

---

[2]While a defendant may challenge the constitutionality of his conviction and sentence pursuant to 28 U.S.C. § 2254, it does not appear that Plaintiff ever was in custody or that he is now, which is a condition of filing a habeas corpus petition. *See* 28 U.S.C. § 2254.  Moreover, jurisdiction over such a habeas corpus petition most likely would not be in this District.  *See* 28 U.S.C. § 2241(d).

challenging and seeking damages arising allegedly from the issuance of the

warrant that led to his arrest and from his eventual conviction in Florida court. For

the reasons stated, his claims are devoid of merit and/or are no longer open to

discussion.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is **DISMISSED WITH**

**PREJUDICE**;

**IT IS FURTHER ORDERED**, that Plaintiff's application to proceed *in*

*forma pauperis* is **DENIED AS MOOT**.

Dated: January 13, 2014                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copy to:
Joseph F. Olivares
2581 International Drive 1220C
Ypsilanti, MI 48197

-4-